IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,                    No. 2:12-cv-1731 JAM KJN PS

    vs.

CITY OF SACRAMENTO, et al.,

    Defendants.               <u>ORDER AND</u>

_____/    <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff, proceeding without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The action was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        The court takes judicial notice of the proceedings in <u>United States v. Ingram</u>, 2:10-cr-0014 MCE-1 (E.D. Cal.) and <u>Ingram v. Grant Joint Union High School Dist., et al.</u>, 2:08-cv-2490 KJM DAD (E.D. Cal.). <u>See</u> Fed. R. Evid. 201; <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"). In the criminal case, plaintiff was declared incompetent and un-restorable on the basis of mental health issues. <u>See</u> <u>United States v. Ingram</u>, 2:10-cr-0014 MCE-1, Dkt. Nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel, and a guardian ad litem was appointed for him following the declaration of incompetence in the criminal action.

See Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD, Dkt. Nos. 87-88.

In this action, plaintiff is neither represented by counsel, nor has a guardian ad litem been appointed.  It appears from this complaint that there has been no change in his mental health status since the filing of the declaration of incompetence in the criminal case.  Indeed, the complaint acknowledges that plaintiff is "mentally disabled." (Dkt. No. 1 at 1.)  An incompetent person can only proceed in federal court if represented by counsel.  See Osei-Afriyie v. Med. College of Penn., 937 F.2d 876, 883 (3d Cir. 1991) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys") (citation omitted), quoted approvingly in Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); see also William W. Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial § 7:41 (The Rutter Group 2011) ("A nonattorney parent or guardian cannot bring a lawsuit or defend an action in federal court on behalf of a minor or incompetent without retaining a lawyer") (citations omitted).

Although plaintiff requests the appointment of counsel pursuant to 28 U.S.C. § 1915 (Dkt. No. 1 at 2), that request will be denied.  Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  However, this discretion may be exercised only under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id.  Here, although plaintiff may be unable to articulate his claims clearly, plaintiff's complaint does not appear to state any valid claims.  Thus, when considering the likelihood of success and the complexity of the issues, there are no exceptional circumstances justifying the appointment of counsel.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED, and
2. The action be DISMISSED WITHOUT PREJUDICE.

IT IS ALSO HEREBY ORDERED that plaintiff's request for appointment of counsel (dkt. no. 1 at 2) is DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: September 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE